trict Court held this requirement invalid as being arbitrary and capricious. We affirm for the reasons set forth in our *Roark* opinion.

Affirmed.

Shelby COLLINS

v.

UNITED MINE WORKERS OF AMERICA WELFARE AND RETIREMENT FUND OF 1950, W. A. Boyle, Josephine Roche, C. W. Davis, trustees, Appellants.

No. 23234.

United States Court of Appeals, District of Columbia Circuit.

Argued June 12, 1970.

Decided Aug. 14, 1970.

Mr. Harold H. Bacon, Washington, D. C., for appellants; Messrs. Welly K. Hopkins and Joseph T. McFadden, Washington, D. C., were on the brief for appellants.

Mr. Joseph H. Newlin, Arlington, Va., for appellee.

Before WRIGHT, LEVENTHAL and MacKinnon, Circuit Judges.

LEVENTHAL, Circuit Judge:

This is an appeal from a judgment of the District Court ordering the appellant Fund to pay a pension to appellee Collins. Collins, like appellants in Roark et al. v. Boyle, 439 F.2d 497, decided today, had applied for a pension and been rejected on the ground that his last employment in the coal industry was not with a signatory employer. The Dis-

UNITED STATES of America

v.

Louis S. LUMPKINS, Appellant.

No. 23503.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 30, 1970.

Decided Dec. 23, 1970.

Petiton for Rehearing Denied Feb. 22, 1971.

Mr. Milton A. Kallis, Washington, D. C., with whom Mr. John H. Treanor, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Gregory C. Brady, Asst. U. S. Atty., with whom Messrs. Thomas F. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., and Daniel Harris, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before LEVENTHAL and ROBB, Circuit Judges, and MATTHEWS,* Senior District Judge, U.S. District Court for the District of Columbia.

PER CURIAM:

On a charge of second degree murder for killing his wife with a bottle, defendant was convicted of manslaughter and sentenced to four to twelve years. On appeal the primary contention urged is that there was no evidence, beyond speculation, sufficient to take to the jury the issue of defendant's criminal culpability for homicide. His appellate counsel makes some telling points, but in the last analysis we are convinced that they are for the jury, and that the evidence was sufficient for a reasonable person to conclude that appellant was guilty beyond a reasonable doubt of manslaughter.

There was evidence that defendant and his wife drank together on weekends and quarreled when they drank; that they had been drinking the night of July 19, 1968, and continued to quarrel after the landlady bade them be quiet. Shortly after midnight the appellant's wife came into the hallway and shouted "Oh, my God, somebody please help me." (Tr. 27)

A young man in an adjoining room heard glass breaking in their room on two occasions. Particularly significant was the second sound, a loud impact followed by the breaking of glass, as if a moving glass object had struck a wall or cabinet. Then there was complete silence. Later a man's voice was heard in the room, but no other voices.

When the police detectives arrived they found broken glass and blood throughout the room, and in particular found the neck of a broken glass bottle, with the cap still attached, on one side of the room and the bottom of the bottle on the other side. There was blood on the appellant's hands and dried blood under his fingernails and he had a small laceration on the back of his left hand.

* Sitting by designation pursuant to 28 U.S.C. § 294(c) (1964).

Defendant admitted to them, after being duly warned of his rights, that his wife had been nagging him that evening and that he told her if she continued he would "pop" her, which meant he would "smack" her. He said next morning he could not remember whether or not he struck her.

The foregoing focuses on the prosecution's evidence. There was considerable evidence to favor the defendant's explanation that this may have been an accident. The coroner agreed that the wound could as readily have been caused by a fall on a piece of glass, and counsel properly stresses his testimony commenting on the significance of the fact that there was very little bruising around the laceration on the forehead which caused death. Counsel also stresses the good record of the defendant, his steady employment for twelve years and lack of criminal record; and his character witnesses. All this is relevant but not decisive and is perhaps more material to the consideration of the appropriate sentence.

Overall we are satisfied to leave it that the jury was the proper body to evaluate all of the evidence, and that there was a basis for reasonable inference that defendant struck his wife in the head with a bottle during the course of an argument.

■ Defense trial counsel asked for an instruction on manslaughter and simple assault as lesser included offenses. The trial transcript contains colloquy relating to the manslaughter charge,[1] but nothing as to the simple assault beyond the flat declaration of the trial judge denying it out of hand. On appeal counsel stresses that on a charge of murder assault is a lesser included offense. But the denial of a lesser included offense instruction is not reversible error in the absence of a showing that the jury might rationally, at one and the same time, acquit of the greater charge (here manslaughter) and convict of the lesser (here, assault; or assault with a deadly weapon).

This requirement of reversible error is stringent even though, as this court has pointed out, the District Court has broad discretion to entertain defendant's request for a lesser offense instruction without insistence on strictest logic, Belton v. United States, 127 U.S.App.D.C. 201, 382 F.2d 150 (1967). The showing of a rational basis for a simultaneous acquittal on the greater and conviction on the lesser offense is usually fairly inferable from the evidence given or the nature of the fact situation, and if not it should be specifically called to the attention of the trial judge. In this case the record does not reveal the necessary showing.

■ Finally defense counsel complains of the instruction on malice. A problem is presented by the passage in which the trial judge equated malice with "a state of mind showing a heart regardless of social duty." But at the time of trial that phrase appeared in the "red book" of suggested jury instructions, an informal reference work prepared by the Young Lawyers Section of the District of Columbia Bar Association. It was pointed out in United States v. Bush, 135 U.S.App.D.C. 67, 416 F.2d 823 (1969), that this phrase is objectionable. But *Bush* issued August 15, 1969, three months after this trial, and the "malice" declaration in that opinion was prospective, not intended as ground for reversal as to trials already held.

Affirmed.

---

1. The trial judge first indicated that the facts in the case did not warrant a manslaughter instruction. After the prosecutor suggested it would be "wise" to charge manslaughter, to avoid reversal on "a technicality," the instruction was given. This was fortunate as a denial of this plainly warranted request would have required reversal as an error affecting substantial rights.